IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

LANCE LAIRD,                            )
PRESTON SANDERS (minor),                )
CAMERON LAIRD (minor),                  )
BIANCA LAIRD (minor),                   )
                                        )
    Plaintiffs,                         )
                                        )
v.                                      )        Case No.
                                        )
LAUREN OLVER,                           )
JENNIFER SCZYKUTOWICZ,                  )        Case: 2:16-cv-14376
SARAH BRITTEN,                          )        Judge: Murphy, Stephen J.
MOLLIE WAGNER,                          )        MJ: Stafford, Elizabeth A.
ANGELA JENKINS,                         )        Filed: 12-14-2016 At 04:40 PM
CHARLES ROSE,                           )        CMP LAIRD, ET AL v OLVER, ET AL (da
DEBRA FAUST,                            )        t)
AMANDA OSTRANDER,                       )
PATRICIA J. WORTH, (all in              )
individual capacities).                 )
                                        )
    Defendants.                         )

## COMPLAINT AND DEMAND FOR JURY TRIAL

Comes now Plaintiff(s) Lance Laird, pro se, and his Plaintiff
minor children, Preston Sanders, Cameron Laird, and Bianca Laird
and complain against the above named defendants as follows:

I.                     INTRODUCTION

This action involve the defendants violating Plaintiffs'
Constitutional rights by unlawfully and unconstitutionally
taking Plaintiffs' minor children from Laird, and the minor
children from their father, Lance Laird, under Michigan's "one
parent doctrine," MCL 712A.2(b). In In re SANDERS, Minors, No.
146680 (2014) the Michigan Supreme Court held that the defendants
actions violated the Plaintiffs' clearly established rights
to due process under the 14th Amendment of the U.S. Constitution,

when they took, or caused to be took, Plaintiff's children from
him and vice versa. Id. at 23 This action is brought pursuant to
42 USC §§ 1983, 1985(3).

II.                    JURISDICTION AND VENUE

1.  Plaintiffs bring this action under 42 USC §§ 1983, and 1985(3)
which gives this Court jurisdiction under 28 USC §§ 1331, 1343(a)
(3) & (4).
2.  The Eastern District of Michigan is the proper venue under
28 USC §1391(b) because a substantial part of the events or
omissions giving rise to the claims occured in this district.
III.                   PARTIES

3.  Plaintiffs are members of a family who resided together in
Jackson, Michigan.
4.  Plaintiff Lance Laird is the Plaintiff childrens biological
father.
5.  Plaintiff Preston Sanders is a minor child. During the
events at issue in this litigation, he was 19 months old or so.
At the time of this filing he is around 6 years old.
6.  Plaintiff Cameron Laird is a minor child.
During the events at issue in this litigation he was roughly
two months old. At the time of this filing he is around five
years old.
7.  Plaintiff Bianca Laird is a minor child. During the events
at issue in this litigation she was three months old. At the
time of this filing she is roughly four years old.
8.  Defendant Lauren Olver (Olver) was, at all time relevant to
this action, a caseworker employed by the Michigan Department
of Human Services (DHS). Olver is  sued in her individual
capacity and is located at DHS, 301 Louis Glick Hwy., Jackson

2.

Mi 49201

9. Defendant Jennifer Sczykutowicz (Sczykutowicz) was, at all times relevant to this action, a supervisor employed by DHS. Sczykutowiez is sued in her individual capacity and is located at DHS, 301 Louis Glick Hwy., Jackson, Mi 49201

10. Defendant Sarah Britten (Britten) was, at all times relevant to this action, a caseworker employed by DHS. Britten is sued in her individual capacity and is located at DHS, 301 Louis Glick Hwy., Jackson, Mi 49201.

11. Defendant Mollie Wagner (Wagner) was, at all times relevant to this action, a caseworker employed by DHS. She is sued in her individual capacity and is located at DHS 301 Louis Glick Hwy., Jackson, Mi 49201.

12. Defendant Angela Jenkins (Jenkens) was, at all time relevant to this action, a foster care supervisor / caseworker employed by DHS. Jenkins is sued in her individual capacity and is located at 301 Louis Glick Hwy., Jackson, Mi 49201.

13. Defendant Charles Rose (Rose) was, at all times relevant to this action, a program manager employed by the DHS. He is sued in his individual capacity and is located at 301 Louis Glick Hwy., Jackson, Mi 49201.

14. Defendant Debra Faust (Faust) was, at all times relevant to this action, a foster care supervisor / caseworker employed by DHS. She is sued in her individual capacity and is located at 301 Louis Glick Hwy., Jackson, Mi 49201.

3.

15.    Defendant Amanda Ostrander (Ostrander) was, at all times relevant to this action, a supervisor and employed in that capacity and others, by DHS. She is sued in her individual capacity and is located at 301 Loius Glick Hwy., Jackson, Mi. 49201.

16.    Defendant Patricia J. Worth (Werth) was, at all times relevant to this action, Guardian Ad litem representing minor Plaintiffs and acting under the color of state law. She is sued in her individual capacity and is located at 1401 W. Michigan Ave. Jackson, Mi 49202.

17.    All named defendants in this action were acting under the color of state law.

18.    Defendant DHS caseworkers and supervisors referenced above are hereafter referred to collectively as the "DHS Defendants."

IV.                    FACTUAL ALLEGATIONS

19.    In or around September 2011 defendant(s) were investigating Tammy Sanders, minor Plaintiffs' mother, for child neglect.

20.    On or about November 2,2011, Preston Sanders and Cameron Laird were placed by Child Protective Services (CPS) worker Rashaad Jones, with Plaintiff Lance Lairds' mother, Shirley Behling (Behling), after Preston Sanders and Cameron Laird were removed from Plaintiff Lance Laird's custody without services provided to him under ICWA, 25 U.S.C. §1912; MIFPA, MCL 712B. 15, and MCR 3.967 or any judicial finding of neglect.

21.    On or about November 2,2011, CPS worker Rashaad Jones

(Jones) did a home inspection and background check on Behling and her residence and found no concerns about minor Plaintiffs residing there.

22. On or around November 16,2011 minors Preston Sanders and Cameron Laird (minor Plaintiffs) were removed from the Behling home against their will and the will of Plaintiff Lance Laird, the minor Plaintiff's biological father. This was done without any substantiated allegations. Defendants Olver, Sczykutowicz and Ostrander were involved in the above action.

23. On November 16,2011, minor Plaintiffs were placed with Darlene Adams against their will and will of Lance Lance Laird by defendants Olver and Sczykutowicz. Lance Laird had argued against the placement with Darlene Adams, his sister, as he had not seen her in over 20 years.

24. A week before Thanksgiving 2011 Lance Laird (hereinafter "LL") asked Olver for unsupervised parenting time at Behling's home so minor Plaintiffs could be with their family and see their siblings over the Holiday. Defendant Olver denied this request.

25. On November 30,2011, LL requested a jury trial as to any allegations against him relating to the unlawful and unconstitutional taking of his children.

26. On November 30,2011, the pretrial was scheduled for Jan. 2012 and trial for Feb. 2012.

27. On November 30,2011, the court authorized unsupervised parenting time for LL.

28.    On or about December 15,2011, LL asked Defendant Olver and Sczykutowicz for parenting time unsupervised for either Dec. 24th or 25th 2011. Plaintiffs were denied visiting.

29.    On December 27,2011, LL motioned the court for change of placement back to Behlings residence pending trial due to the lack of access to his children and the fact that Darlene Adams (Adams) was unwilling to supervise and facilitate the long distance transport of the children.

30.    On December 27,2011, defendants Olver and Sczykutowicz opposed the change of placement without any substantiated claims against Behling or LL.

31.    On December 27,2011, the presiding judge denied the request for  change in placement to the Behling residence based on the false representations by defendants Olver and Sczykutowocz that they would work on getting the children and LL more parenting time together.

32.    On January 11,2012, LL again argued in court for change of placement to the Behling residence because he was still only getting two hours a week visiting time with his children. The court again denied this request because defendants Olver and Sczykutowocz claimed they were still working on providing the Plaintiffs more visiting time.

33.    On or about January 24,2012, LL asked defendant Olver at his visit if his parenting time could be changed to evening hours so he could get a job in Ohio that paid more. LL was denied this request.

6.

34. On February 7,2012, minor Plaintiff's mother, Tammy Sanders, pled no-contest to the negligence complaint filed against her by defendants and was found unfit by the presiding court.

35. On February 7,2012, LL again argued in court for change of placement to the Behling residence because he was still only seeing his children two hours a week. This was denied based on Olver and Sczykutowicz's actions.

36. On or about May 2,2012, the allegations against LL by the defendants was dismissed.

37. On or about May 2,2012, defendants Olver, Sczykutowicz, and Worth requested the court issue orders against LL and change his parenting time to supervised even though he was never found unfit by any court.

38. From May 2,2012 to May 10,2013, Plaintiffs were restricted to two hours a week visiting by defendants Olver and Sczykutowicz.

39. On April 16,2012, defendants Olver completed a fostercare report with many false and biased allegations that was signed by Sczykutowicz.

40. On July 25,2012, LL's daughter Bianca Laird (Bianca) was born.

41. On or around August 14,2012, after Bianca was released from the hospital, LL was allowed joint unsupervised custody of Bianca by CPS worker Cheryn Ernst.

42. On August 22,2012, LL motioned the court for immediate placement of his children plaintffs citing the constitutional violations that continued to occur against the Plaintiffs by DHS defendants and DHS Policy.

7.

43.    On August 22,2012, defendants Olver, Sczykutowicz, and Worth opposed LL's immediate placement request of minor Plaintiffs back with him even though LL had never been adjudicated unfit or neglectful by any court.

44.On October 26,2012, LL's request for immediate placement was denied.

45.    On or about September 5,2012, DHS investigator Cheryn Ernst (Ernst) closed her investigation relating to Bianca after concluding she was in a safe environment in LL's custody.

46.

47.    On or about September 5,2012, Olver who was supervised by Sczykutowicz took Bianca from LL's custody with no court adjudication of negligence against LL or other Due Process.

48.    On or around September 5,2012, Olver asked the court to issue an order that LL's unsupervised custody of Bianca be changed to supervised at the DHS building. Supervisor Aczykutwicz was also involved in the matter.

49.    On September 5,2012, Olver's position to the court was that Michigan's "one parent" doctrine permitted the court to take jurisdiction over LL's children and that he did not have a right to any due process because the court had already adjudicated the childern through their mother, Tammy Sanders. Supervisor Schzkutowicz was also involved in the cause.

50.    On or around September 15,2012, Olver and Sczykutowicz denied LL and the minor Plaintiff's the  opportunity to have a birthday party for Cameron Laird outside DHS so other family could attend.

8.

51.   On or around September 12,2013, the Plaintiffs' case at DHS was transferred to caseworker Sarah Britten (Britten).

52.   On April 3,2013, a request to change the goal to termination of parental rights was made by Mollie Wagner (Wagner) and supervisor Angela Jenkins (Jenkins). This request was denied by the judge.

53.   On May 29,2013, the request to change the goal to termination of parental rights submitted to the court by Wagner and Jenkins was accepted by the court and a termination of LL's parental rights was set for July 23,2013.

54.   On July 23,2013, at the start of the termination trial minor Plaintiff's Guardian Ad Litem, Patricia Worth (Worth), asked for a dismissal of the action due to the lack of evidence to terminate LL's parental rights.

55.   On June 21,2013, LL gave Behling power of attorney appointing her as his agent with respect to minor Plaintiffs.

56.   On January 25,2013, defendant Sczykutowicz filed a recommendation to the court to terminate the parental rights of LL on behalf of caseworker Wagner. This recommendation was signed by Charles Rose on January 1,2013.

57.   On or around September 27,2012, LL was informed by Olver that he was no longer to have his daughter Bianca since Olver, after case worker Ernst no longer had control, asked the court to order LL to supervised visits without any allegations of neglect

9.

and against CPS worker Ernst's view that LL was a fit parent.

58. On November 18,2013, foster parent Adama asked Britten to move Plaintiff minors somewhere else because she was no longer willing or able to care for them.

59. On November 18,2013, Plaintiff minors were moved to a foster-care home with strangers three hours from where LL and his family were residing without notice to LL or LL being adjudicated unfit by any court and against Behling's wishes.

60. On November 18,2013, LL again requested to defendants that his children be placed with his mother Behling since she had power of attorney (POA) of the children. This was not honored.

61. On April 15,2014, Plaintiff children were brought to DHS and placed in respite care and sent to different foster homes.

62. On April 21,2014, the Plaintiff children were finally placed with Behling as requested by Plaintiff and Behling.

63. On April 21,2014, DHS defendants argued in court that they had another placement for the children in Hillsdale and argued against Plaintiffs being placed with maternal grandmother Behling. The court ruled against the defendants finding stability was in the Plaintiffs best interest.

64. On April 21,2014, the defendants filed a termination petition of LL's parental rights as to Plaintiff minors which was never adjudicated by any court.

10.

65.    All named defendants in this action were involved in the
taking, causing to be took (from LL), investigation and other
personal invlovement regarding LL's plaintiff minor children
named Plaintiffs Sometime between September 2011 and concluding
in June 2014.

66.    At no time was LL adjudicated unfit to care for his
named minor children herein between September 2011 and June
2014 by any court.

67.    LL's minor plaintiff children were taken from his custody
care and control by defendant(s) at various times between Sept.
2011 and June 2014.

68.    At no time did LL consent to the taking of his children
by defendant(s) nor did the children want to be removed from LL's
custody and care.

69.    LL's plaintiff minor children were taken from his custody
and control by the defendants under Michigan's "one-parent
doctrine" between September 2011 and June 2014.

70.    In In re Sanders, Minors, No.146680 (Mi.S.Ct.) the
Michigan Supreme Court held Michigan's one-parent doctrine
unconstitutional under the Due Process Clause of the Fourteenth
Amendment.

71.    In In re Sanders, Minors, No.146680 the Michigan Supreme
Court held Michigan's one-parent doctrine unconstitutional under
the Due Process Clause of the Fourteenth Amendment and the right
was clearly established at the time of defendant(s) actions.

11.

72.   Lance Laird has a fundamental right to direct the care, custody and control of his minor Plaintiff children.

73.   At no time between 2010 to present (2016) has lance Laird ever been adjudicated unfit by Michigan DHS or any other Michigan court or had his parental rights taken relating to minor Plaintiffs.

74.   At no time did DHS defendants pursue any allegations against Lance Laird, despite his demands for a jury trial relating to the Defendants taking his minor Plaintiff children.

75.   An incarcerated parent such as Lance Laird was at times, can exercise the constitutional right to direct the care of his children while incarcerated.

76.   At several times between 2011 and late 2014 Lance Laird requested that his minor Plaintiff children be placed with his mother, Shirly Behling, which the defendants refused to do on numerous occasions.

77-100 (reserved)

12.

<u>CAUSES OF ACTION</u>

COUNT 1

FIRST AMENDMENT VIOLATION
FAMILY'S RIGHT TO ASSOCIATION AND UNITY
As to all Defendants

101.   Plaintiffs incorporate all paragraphs above as though
fully pleaded herein.

102.   The Defendants had a duty not to interfere with Plaintiffs'
right to exercise their fundamental constitutional right under
the First Amendment, whereby the Defendants are prevented from
prohibiting a parent's right and a child's liberty interest in
in familial integrity.

103.   Starting in September 2011 or thereabouts, and continuing
until on or around June 2014, Defendants at various times took,
or aided and abetted the taking of Plaintiffs Preston Sanders,
Cameron Laird, and Bianca Laird from their home and interfered
with their rights and Lance Lairds right to familial integrity.

104.   The Defendants did not have a sufficiently compelling
interest to eject Plaintiffs Preston Sanders, Cameron Laird and
Bianca Laird from LL's custody, care, control and home. That
further, whatever interest the Defendants may have had, could
have been achieved through means significantly less restrictive
of associctional freedoms. Roberts v. United States Jaycees,
468 U.S. 609, 617-19 (1984).

105.    That this great infringement on the family unity has caused Plaintiffs substantial suffering and that Defendants, by refusing to allow Plaintiffs to exercise their constitutionally protected freedom, violated the First Amendment of the United States Constitution.

## COUNT II
### FOURTEENTH AMENDMENT DUE PROCESS VIOLATION
#### As to all Defendants

106.    Plaintiffs incorporate by reference all paragraphes above as though fully plead herein.

107.    That under the Constitution, the parent-child relationship gives rise to a liberty interest that a parent may not be deprived of absent due process of law.  Smith v. Williams-Ash, 520 F.3d 596,599 (6th Cir.2007)

108.    That Plaintiff was deprived of his right to custody and control of Plaintiffs Preston Sanders, Cameron Laird and Bianca Laird when they were removed from Lance Lairds home, care and custody. The change in physical custody of minor Plaintiffs constituted a loss of Plaintiff parents control over his Children, and therefore, they were entitled to due process of law.

109.    That Defendants, had a duty to Plaintiff to provide sufficient due process before removing Plaintiffs Preston Sanders, Cameron Laird, and Bianca Laird from their fathers custody and care, Defendants failed to provide a clear and effective procedure in ensuring that Plaintiff Lance Laird's parental interest in his child was not unduly obstructed, including but not limited to, a judicial proceeding adjudicating Lance Laird

14.

unfit in his parenting duties like the proceeding afforded the childrens Mother, Tammy Sanders.

110.    That Plaintiffs' assert that the Defendants improper conduct further violated their substantive due process right to familial integrity.

111.    That the taking of Plaintiffs' Cameron Laird, Preston Sanders and Bianca Laird form their father, Lance Laird, with no legal adjudication of unfitness / neglect was a deprivation of Due Process under the Fourteenth Amendment of the United States Constitution.


# COUNT III
## FOURTEENTH AMENDMENT EQUAL PROTECTION VIOLATION
### AS TO ALL DEFENDANTS

112.    Plaintiff incorporates by reference all paragraphs above as though fully pled herein.

113.    Plaintiff Cameron Laird, Preston Sanders and Bianca Laird are part Native American.

114.    The above described actions and allegations of the Defendants were unreasonable, and were committed intentionally, maliciously, willfully and with deliberate indifference to Plaintiff's constitutional rights as declared above.

115.    The above described actions and allegations by the Defendants were motivated by racial animus because Plaintiffs' Cameron Laird, Preston Sanders and Bianca Laird are part Native American.

116.    The acts and allegations of Defendants were carried out

15.

under the color of state law and operated to deprive Plaintiffs
of their constitutional right of equal protection under the law.
117.   The acts and allegations of the defendants were direct
and proximate causes of Plaintiffs economic and non-economic
damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request this Court award
the following relief:

1. Enter an order declaring the Defendants violated Plaintiff's
constitutional rights as alleged above;

2. Enter an award of monetary damages in the amount of ten (10)
million for compensatory damages, and additional amounts for
punitive and nominal damages together with costs and attorney
fees as provided by law.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all counts
pursuant to Fed.R.Civ.P. 38

December 1,2016                         Respectfully Submitted,

                                       Lance Laird #16873-040
                                       FCI-Milan
                                       P.O. Box 1000
                                       Milan, Mi 48160

## VERIFICATION

I Lance Laird, declare under the penalty of perjury that
the foregoing is true and correct to the best of my knowledge,
information and belief.

16.

Executed on December 1,2016

x _____
Lance Laird

17.

Lance Laird #40075-040
Federal Correctional Institution
P.O. Box 1000
Milan, Mi 48160

69246

Clerk:
<>16842-039<>
U S Dist Court
231 W Lafayette BLVD
Clerk, Fifth Floor
Detroit, MI

Intake
New Case

RECEIVED
DEC 14 2016
CLERK'S OFFICE
DETROIT



JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| LANCE LAIRD, et al. | LAUREN OLVER, et al. |

(b) County of Residence of First Listed Plaintiff **Washtenaw**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed **Jackson**

Case 2:16-cv-14376
Judge: Murphy, Stephen J.
MJ: Stafford, Elizabeth A.
Filed: 12-14-2016 At 04:40 PM
CMP LAIRD, ET AL v OLVER, ET AL (dat)

(c) Attorney's (Firm Name, Address, and Telephone Number)

pro-se

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Inj. | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. §1983, 14th Amend. due process action regarding the taking of children by DHS employees.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ **10 million**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. This case
☒ is not a refiling of a previously dismissed action.
☐ is a refiling of case _____, previously dismissed by Judge _____

DATE
December 1, 2016

SIGNATURE OF ATTORNEY OF RECORD

## PURSUANT TO LOCAL RULE 83.11

1.　　　　Is this a case that has been previously dismissed?　　　☐ Yes
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.　　　　Other than stated above, are there any pending or previously
　　　　　discontinued or dismissed companion cases in this or any other　　☐ Yes
　　　　　court, including state court? (Companion cases are matters in which　☒ No
　　　　　it appears substantially similar evidence will be offered or the same
　　　　　or related parties are present and the cases arise out of the same
　　　　　transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes :

# New Lawsuit Check List

**Instructions: Put a check mark in the box next to each appropriate entry to be sure you have all the required documents.**

☐ Two (2) completed **Civil Cover Sheets**.

☐ Enter the number of defendants named in your lawsuit in the blank below, add 2 and then enter the total in the blank.

_9_ + 2 = _____ **Complaints.**    *Only 2 Cmp*
# of Defendants        Total

Received by Clerk: _____ Addresses are complete: _____

Case 2:16-cv-14376
Judge: Murphy, Stephen J.
MJ: Stafford, Elizabeth A.
Filed: 12-14-2016 At 04.40 PM
CMP LAIRD, ET AL v OLVER, ET AL (dat)

☐ If any of your defendants are **government agencies**:
Provide two (2) extra copies of the **complaint** for the U.S. Attorney and the Attorney General.

| If Paying The Filing Fee: | If Asking That The Filing Fee Be Waived: |
|---|---|
| ☐ Current new civil action filing fee is attached. Fees may be paid by check or money order made out to: **Clerk, U.S. District Court** Received by Clerk: _____ Receipt #: _____ | ☑ Two (2) completed **Application to Proceed in District Court without Prepaying Fees or Costs** forms. Received by Clerk: _____ |

**Select the Method of Service you will employ to notify your defendants:**

| Service via Summons by Self | Service by U.S. Marshal (Only available if fee is waived) | Service via Waiver of Summons (U.S. Government cannot be a defendant) |
|---|---|---|
| ☐ Two (2) completed **summonses** for each defendant including each defendant's name and address. *1 Summons for each deft* Received by Clerk: _____ | ☐ Two (2) completed **USM – 285 Forms** per defendant, if you are requesting the U.S. Marshal conduct service of your complaint. *None* ☐ Two (2) completed **Request for Service by U.S. Marshal** form. *None* Received by Clerk: _____ | ☐ You need not submit any forms regarding the Waiver of Summons to the Clerk. Once your case has been filed, or the Application to Proceed without Prepaying Fees and Costs has been granted, you will need: • One (1) **Notice of a Lawsuit and Request to Waive Service of a Summons** form per defendant. • Two (2) **Waiver of the Service of Summons** forms per defendant. Send these forms along with your filed complaint and a self-addressed stamped envelope to each of your defendants. |

**Clerk's Office Use Only**

Note any deficiencies here:
Only 2 copies of complaint, No USM-285, no request for service

Rev. 4/13