UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANCE LAIRD, et al.,

    Plaintiffs,

v.

LAUREN OLVER, et al.,

    Defendants.
_____/

Case No. 2:16-cv-14376

HONORABLE STEPHEN J. MURPHY, III

## OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [42, 51] AND DISMISSING THE CASE

On March 29, 2018, Plaintiff[1] filed an amended complaint. ECF 32. Plaintiff alleges that Defendant Patricia Worth ("Worth"), as Guardian ad litem for his children, and all other Defendants, as employees of the Michigan Department of Human Services ("DHS"), violated his constitutional rights while acting under the color of state law. *See generally, id.* Plaintiff alleges that Defendants violated his First Amendment right to family association and unity, his Fourteenth Amendment due process and equal protection rights, and his Fourth Amendment right to be free from unreasonable search and seizure. *Id.* at 257–60. On April 26, 2018, Defendants Sarah Britten, Debra Faust, Angela Jenkins, Amanda Ostrander, Charles Rose, Jennifer Sczykutowicz, and Mollie Wagner ("DHS Defendants")[2] filed a motion to dismiss

---

[1] As the Court previously noted, it will refer to the Plaintiffs in the singular for clarity. *See* ECF 12, PgID 90.

[2] Although Defendants Jones and Olver are also DHS employees, for ease of reference the Court will refer only to the Defendants that collectively moved to dismiss the amended complaint in ECF 42 as "DHS Defendants."

1

based on qualified immunity. ECF 42. On May 18, 2018, Defendant Rashaad Jones filed a motion to dismiss because the amended complaint does not identify him as personally involved in the allegedly unconstitutional conduct. ECF 51. On December 12, 2018, the Court dismissed Defendant Patricia Worth from the case. ECF 66.

## BACKGROUND

Plaintiff Lance Laird is the biological father of the minor plaintiffs he represents in the case. His claims arise out of a prior Michigan state-court proceeding regarding his—and the children's mother's—parental rights. In Laird's state court litigation, the Michigan Supreme Court considered Michigan's "one-parent doctrine," under which, after a court has established jurisdiction over a child by adjudicating the rights of one parent, "the court [can] then enter dispositional orders affecting the parental rights of *both* parents." *In re Sanders*, 495 Mich. 394, 407 (2014) (emphasis in original). The Michigan Supreme Court held that "dispositional hearings are constitutionally inadequate; due process requires that every parent receive an adjudication hearing before the state can interfere with his or her parental rights." *Id.* at 415. The Michigan Supreme Court therefore found that the prior adjudication of the children's mother's rights did not provide a valid basis for Laird's parental rights to be modified after only a dispositional hearing. *Id.* at 421–23. Laird now seeks monetary damages against the DHS employees involved in his custody battle.

## STANDARD OF REVIEW

When analyzing a motion to dismiss under Civil Rule 12(b)(6), the Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all

2

well-pleaded factual assertions, and draws every reasonable inference in favor of the non-moving party. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). To survive a motion to dismiss, "the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Nat'l Hockey League Players Ass'n v. Plymouth Whalers Hockey Club*, 419 F.3d 462, 468 (6th Cir. 2005) (citation omitted). It must allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).

Section 1983 subjects those acting under the color of state law to liability for violating the constitutional or statutory rights of citizens. *See* 42 U.S.C. § 1983. "But government officials performing discretionary functions generally are granted a qualified immunity[.]" *Wilson v. Layne*, 526 U.S. 603, 609 (1999). Qualified immunity shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity not only shields officials from liability but immunizes them from suit altogether. *See Porter v. City of Dyersburg*, No. 07-2638 B/P, 2008 WL 2222693, at *1 (W.D. Tenn. Apr. 2, 2008) (quoting *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir. 2002)). "After a defendant has raised the defense of qualified immunity by a motion to dismiss . . . the burden of pleading facts

which, if true, 'describe a violation of a clearly established statutory or constitutional right of which a reasonable public official, under an objective standard, would have known' rests on plaintiff." *Gregory v. Hunt,* 872 F. Supp. 476, 479 (W.D. Tenn. 1991) (quoting *Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986)).

## DISCUSSION

I.  <u>Defendant Rashaad Jones</u>

Jones asserts that Plaintiff's allegations do not identify him as personally involved in the alleged constitutional violations. ECF 51, PgID 486. Although Plaintiff alleges that "[a]ll named defendants in this action were involved in the taking, causing to be took [sic] (from LL), investigation and other personal involvement regarding LL's plaintiff minor children," his factual allegations regarding Defendant Jones are scarce. ECF 32, PgID 255. And when deciding a Rule 12(b)(6) motion to dismiss, the Court "need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Columbia Nat. Res., Inc. v. Tatum,* 58 F.3d 1101, 1109 (6th Cir. 1995)).

Plaintiff asserts Jones: "was, at all times relevant to this action, a caseworker employed by DHS;" placed C.L. with Plaintiff on September 19, 2011; inspected the home that same date and found no concerns; placed P.S. and C.L. with Plaintiff's mother, Shirley Behling, on November 2, 2011; and inspected the home that day and again found no concerns. ECF 32, PgID 249–50. The complaint alleges neither that Jones took Plaintiff's children from him nor that Jones modified Plaintiff's parental

4

rights. Plaintiff therefore failed to state a claim upon which relief can be granted as to Jones and the Court will grant Jones's motion to dismiss.

II. DHS Defendants

DHS Defendants argue that they are entitled to qualified immunity from Plaintiff's claims. ECF 42. DHS caseworkers and supervisors enjoy qualified immunity for removing children from homes and making placement determinations. *See Ratte v. Corigan*, 989 F. Supp. 2d 550, 563–64 (E.D. Mich. 2013); *Brent v. Wayne Cty. Dep't of Human Servs.*, 901 F.3d 656, 685 (6th Cir. 2018). Plaintiff must therefore allege facts demonstrating that DHS Defendants infringed a constitutional right that was clearly established at the time of their actions. *See Pearson v. Callahan*, 555 U.S. 223, 243–44 (2009).

Plaintiff alleges that Defendants infringed four of his constitutional rights—his First Amendment right to family association and unity, his Fourteenth Amendment due process and equal protection rights, and his Fourth Amendment right to be free from unreasonable search and seizure. The Court will address each claim in turn.

*A. First Amendment Claim*

Plaintiff first alleges that Defendants infringed his and his children's First Amendment rights of family association and unity. ECF 32, PgID 257–58. He alleges that the First Amendment protects "a parent's right and a child's liberty interest in familial integrity." *Id.* at 257. Familial integrity claims, however, do not implicate the First Amendment. *See Ballard v. Johnson*, No. 15-11039, 2017 WL 1151166, at *8

(E.D. Mich. Mar. 28, 2017) (citing *Stanley v. Illinois*, 405 U.S. 645, 651 (1972); *Santosky v. Kramer*, 455 U.S. 745, 753 (1982)). Plaintiff therefore failed to allege that the DHS Defendants violated his clearly established constitutional rights. DHS Defendants are entitled to qualified immunity from the First Amendment claim.

B. *Fourteenth Amendment Due Process Claim*

Plaintiff next alleges that Defendants violated his Fourteenth Amendment due process rights because he was not afforded constitutionally-sufficient procedure before his children were removed from his custody. ECF 32, PgID 258–59. Although the Michigan Supreme Court has already held that Plaintiff's due process rights were infringed[3] when his children were removed from his custody, *see In re Sanders* 495 Mich. at 421–23, qualified immunity shields DHS Defendants from this claim. DHS Defendants are immune unless Plaintiff pleaded facts sufficient to allege a violation of a constitutional right that was clearly established at the time the DHS Defendants acted. *See Wilson*, 526 U.S. at 609. "The dispositive question is 'whether the violative nature of *particular* conduct is clearly established.'" *Mullenix v. Luna*, 136 S. Ct. 305, 308 (emphasis in original) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011)). Whether the right is clearly established must be determined "in light of the specific context of the case, not as a broad general proposition." *Id.* (per curiam) (quoting *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004)).

---

[3] Because the Court finds that DHS Defendants are shielded from Plaintiff's due process claim by their qualified immunity, the Court makes no finding as to whether DHS Defendants would otherwise be liable for the due process violation.

6

Here, the general proposition that "[t]he integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment" was clearly established at the time of the DHS Defendants' actions. *See Stanley*, 405 U.S. at 651. The more specific right—whether proceeding in accordance with Michigan's established "one-parent doctrine" was unconstitutional—was not clearly established at the time of DHS Defendants' actions. Indeed, it was Plaintiff's case that established that the doctrine was unconstitutional. *See In re Sanders*, 495 Mich. at 421–23. Until that decision, the one-parent doctrine was an established doctrine grounded in a Michigan statutory scheme that had existed "for more than 70 years." *See id.* at 423 (Markman, J., dissenting). The unconstitutionality of complying with that doctrine when removing children from homes and modifying parental rights was therefore not clearly established prior to when the DHS Defendants acted. Qualified immunity shields DHS Defendants from Plaintiff's due process claim.

C. *Fourteenth Amendment Equal Protection Claim*

Plaintiff alleges that Defendants infringed his Fourteenth Amendment right to equal protection. There are circumstances in which "[t]he integrity of the family unit has found protection in the Equal Protection Clause of the Fourteenth Amendment." *See Stanley*, 405 U.S. at 651 (citing *Skinner v. Oklahoma ex rel. Williamson*, 316 U.S. 535, 541 (1942)). Those circumstances, however, exist only when similarly situated individuals are treated differently. *See Skinner*, 316 U.S. at 539–41. To state a claim under the equal protection clause, Plaintiff "must adequately plead that the government treated the plaintiff 'disparately as compared to similarly

7

situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org. v. Charter Twp. of Shelby*, 470 F.3d 286, 299 (6th Cir. 2006)).

Plaintiff here alleges that his children are part Native American and that Defendants' actions were animated by racial animus because of his children's ancestry. See ECF 32, PgID 259. Plaintiff, however, makes a bare assertion of racial animus and provides no facts to support the conclusion. He does not allege that his children were treated disparately from any other similarly-situated individuals. Plaintiff does allege that he was not provided the same equal protection rights as the children's mother. *Id*. But Plaintiff fails to assert whether the different treatment he alleges he received compared to the children's mother "burdens a fundamental right, targets a suspect class, or has no rational basis." *Napolitano*, 648 F.3d at 379.

Because Plaintiff fails to allege his children were treated differently than similarly-situated individuals and fails to allege a constitutionally-problematic basis for being treated differently than the children's mother, he fails to raise his equal protection claim "above the speculative level." *Twombly*, 550 U.S. at 545. The equal protection claim will therefore be dismissed.

*D. Fourth Amendment Search and Seizure Claim*

Finally, Plaintiff alleges that Defendants infringed his Fourth Amendment right to be free from unreasonable searches and seizures. ECF 32, PgID 260. Plaintiff asserts that there was "no removal order" and "no warrant" justifying DHS

8

Defendants removing his children from his home. ECF 32, PgID 260. Plaintiff is precluded from taking the position that Defendants were not acting pursuant to a court order when they removed his children from his home on November 16, 2011 because he took a contrary position in his state court proceedings. The doctrine of judicial estoppel prevents a party that succeeded by taking one position in court from then asserting the opposite position in a later proceeding. *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).

In his brief to the Michigan Supreme Court in *In re Sanders*, Plaintiff asserted that "[t]he court held a preliminary hearing on November 16, 2011. After the hearing, the court ordered the removal of the children and placed them with the DHS . . . ." Br. for Appellant-Father, *In re Sanders*, 495 Mich. (No. 146680), 2013 WL 6212062, at *4. The Michigan Supreme Court adopted Plaintiff's assertion into its own fact statement when it found that Plaintiff was not afforded proper process before his parental rights were altered. *See In re Sanders*, 495 Mich. at 402. Plaintiff cannot now assert that the court did not order the children removed on that date. Because "[t]he act of enforcing a court order . . . is intrinsically associated with a judicial proceeding for which absolute immunity applies," DHS Defendants are immune from Plaintiff's Fourth Amendment search-and-seizure claim. *Brittingham v. Abner*, No. 3:04-CV-593, 2005 WL 3454318, at *3 (E.D. Tenn. Dec. 16, 2005).

III. <u>Defendant Olver</u>

Despite numerous attempts, Defendant Lauren Olver has yet to be served. *See* ECF 66, PgID 775–76. Plaintiff is proceeding in forma pauperis ("IFP"). *See* ECF 5.

9

The Court may dismiss an IFP case at any time if it determines that Plaintiff has failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff identifies Olver as a DHS caseworker. ECF 32, PgID 247. She is therefore entitled to the same qualified immunity as the DHS Defendants. Because Plaintiff has failed to state a claim upon which relief may be granted against the DHS Defendants and his allegations against Defendant Olver do not alter the applicability of the above analysis, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted against Defendant Olver.

IV. Declaratory Judgment

In addition to his request for monetary damages, Plaintiff asks the Court to declare that Defendants violated Plaintiff's constitutional rights. ECF 32, PgID 260. The Declaratory Judgment Act confers upon federal courts the ability to "declare the rights and other legal relations of any interested party seeking such declaration[.]" 28 U.S.C. § 2201. Courts possess "unique and substantial discretion in deciding whether to declare the rights of litigants." *See W. World Ins. Co. v. Hoey*, 773 F.3d 755, 758 (6th Cir. 2014) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)). Because Plaintiff's claims for damages do not survive and a declaratory judgment would not advance the case, the Court will exercise its discretion not to entertain the declaratory judgment action. The Court will therefore dismiss the case in its entirety.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Defendant Rashaad Jones's motion to dismiss [51] is **GRANTED**.

10

**IT IS FURTHER ORDERED** that DHS Defendants' motion to dismiss [42] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Olver is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS FURTHER ORDERED** that the case is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **CLOSE** the case.

**SO ORDERED**.

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: January 25, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 25, 2019, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager